UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN EDWARD SHRADER,

       Plaintiff,

  v.

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

Case No. 11-13000
Honorable Julian Abele Cook, Jr.

## ORDER

This case involves a complaint by the Plaintiff, John Edward Shrader, who, in relying upon the authority of 42 U.S.C. § 402(g), has asked this Court to review a final decision by the Defendant, Michael J. Astrue, in his capacity as the Commissioner of the Social Security Administration ("Commissioner"). Now pending before the Court are the motions for summary judgment that the parties have filed pursuant to Federal Rule of Civil Procedure 56.

The magistrate judge, to whom the parties' motions for summary judgment were referred for an evaluation, submitted a report on August 29, 2012, in which he recommended that the Court (1) deny the Commissioner's motion for summary judgment, (2) grant Shrader's motion for summary judgment, (3) reverse the earlier findings of the Commissioner, and (4) remand this case for further proceedings. The Commissioner has timely filed objections to this report.

For the reasons that have been set forth below, the Court will (1) deny the Commissioner's

1

motion for summary judgment, (2) grant Shrader's motion for summary judgment in part, (3) reverse the findings by the Commissioner, and (4) remand the case for further proceedings.

I.

On November 17, 2006, Shrader filed an application for supplemental security income, claiming to have sustained a disability that rendered him unable to work as of September 16, 2006. In his application, Shrader alleged that he continues to suffer from a variety of medical and emotional conditions (including diabetes, left carpal tunnel syndrome, gout, back pain, obesity, schizoaffective disorder, depression with anxiety features, and alcohol abuse), all of which have precluded him from fully engaging in a work-related occupation within the national economy. As of the date of his application, he was an illiterate 42-year-old male who possessed an intelligence quotient of 81. Shrader, whose past relevant work experience included such jobs as a machine operator, window builder, and landscape laborer, asserts that he has been unemployed since November 17, 2006.

When his initial application for Social Security benefits was rejected, Shrader obtained a *de novo* hearing before an administrative law judge who, in a decision on August 20, 2009, determined that he was not a disabled person within the meaning of the Social Security Act. It was his conclusion that, although Shrader suffered from a variety of severe impairments (specifically diabetes, carpal tunnel syndrome on the left, borderline intellectual abilities, recurrent gout, back pain, obesity, depression with anxiety features, and alcohol abuse in partial remission), he did not have an impairment or a combination of impairments that met or equaled the "Listing of Impairments."

It was also the conclusion of the administrative law judge that Shrader possessed the

residual functional capacity to perform sedentary work which was subject to the following conditions; namely, an ability to (1) lift twenty pounds occasionally and a maximum of ten pounds on a frequent basis; (2) stand and/or walk for two hours and sit for six hours during an eight-hour workday; (3) bend occasionally, without any kneeling, squatting, crawling, climbing stairs, reaching for objects above his shoulder level, or power gripping with the upper extremities; (4) grasp items with a fine manipulation; and (6) engage in simple, unskilled tasks which only required a comprehension of instructions that could be given by demonstration as opposed to reading or writing.

The administrative law judge determined that, although Shrader was unable to perform any of his past relevant work, there existed a significant number of jobs in the national economy that he could perform. Thus, it was his conclusion that Shrader was not under a disability which was compensable under the Social Security Act. An appeal by Shrader followed.

On December 26, 2009, the Appeals Council granted Shrader's request for a review, vacated the administrative law judge's decision, and remanded the case for a resolution of two identifiable issues. First, the Appeals Council initially expressed its concern that Shrader's residual functional capacity did not adequately account for his severe mental impairments. Thereafter, the administrative law judge was directed by the Appeals Council to give additional consideration to Shrader's maximum residual functional capacity after evaluating the evidence in the record that pertained to his assessed limitations.

Second, the Appeals Council also concluded that the decision by the administrative law judge had not adequately addressed the existence of a significant number of sedentary jobs that were currently available to Shrader in the national economy. Thereafter, the Appeals Council

directed the administrative law judge to consult with a vocational expert for the purpose of clarifying the effect, if any, of Shrader's limitations on his occupational base.

On July 15, 2010, Shrader appeared before a second administrative law judge, who, on October 18, 2010, issued a decision, which determined that Shrader was disabled as of July 13, 2010 (the date of a report that had been authored by his treating physician, Dr. Sameer Sawalha) This administrative law judge also determined that subsequent to September 16, 2006, Shrader had suffered from a significant variety of impairments; namely, gout, carpal tunnel syndrome, neuropathy in the left foot, hypertension, diabetes mellitus, depression, and a substance abuse disorder. Despite this long list of maladies, the administrative law judge concluded that none of these impairments, either singly or in combination, satisfied or equaled the "Listing of Impairments."

Notwithstanding this conclusion, the administrative law judge opined that prior to July 13th, Shrader had a residual functional capacity to perform medium work subject to the following limitations: he (1) could occasionally lift 50 pounds and frequently lift 25 pounds; (2) could sit, stand, or walk for six hours out of an eight-hour workday; (3) was able to occasionally climb ladders, ropes, and scaffolds; (4) could occasionally crouch or crawl; and (5) required routine production tasks with a minimal amount of stress and simple job assignments, coupled with little or no change in the work setting and only an occasional contact with supervisors.

In explaining this decision, the administrative law judge discussed three consultative examinations that were conducted between December 15, 2006 and February 8, 2007, and records dated March 2008 to July 2008 and December 2009 from Detroit Central City, a community health center where Shrader began undergoing a therapy and medication

management regime in April 2007. These documents led the administrative law judge to conclude that Shrader's mental impairments were adequately controlled by therapy and medical treatment.

The administrative law judge determined that during the post-July 13, 2010 era, Shrader's residual functional capacity changed significantly. More specifically, Shrader was restricted to sedentary work, subject to the following conditions: he can (1) lift 10 pounds occasionally and frequently; (2) sit for one hour, stand for 15 minutes and walk for a one-half block; and (3) climb ramps and stairs on occasion. Further, the administrative law judge determined that Shrader must (1) use a cane if his gout flared up; (2) rest during the workday and elevate his lower extremities with pillows when lying down; (3) refrain from using ladders, ropes, or scaffolds; (4) refrain from balancing, stooping, crouching, or crawling; and (5) be exposed only to routine production stress with simple job assignments, occasional contact with supervisors, and few changes in his work setting.

The administrative law judge, who based the change in Shrader's residual functional capacity on a July 13, 2010 report from Dr. Sawalha, wrote:

> [B]eginning on July 13, 2010, Claimant's allegations regarding his symptoms and limitations are generally credible. Claimaint testified that he stopped drinking alcohol in April 2009. Despite stopping drinking, Claimant's mental and physical health problems continued to worsen. Claimant testified that he rarely leaves the house and when he does he has significant panic attacks.
>
> Sameer Sawalha, M.D. provided a statement of Claimant's ability to perform work activities dated July 13, 2010 (Exhibit 36-F). Dr. Sawalha indicated he had been treating Claimant since October 2008. Based upon his treatment of Claimant, including laboratory studies and clinical findings, Dr. Sawalha was of the opinion Claimant was unable to work. Dr. Sawalha reported that Claimant's conditions require him to elevate his legs and that he requires a cane to ambulate when his gout flares up. Claimant is limited in his ability to lift more than 10 pounds and he has to lie down during the day to relieve his pain.

(Tr. 20).

Based on the two residual functional capacities, the administrative law judge determined that prior to July 13, 2010, Shrader could perform his past relevant work as a laborer, landscaper, or frame builder, but after that date he could not perform any past relevant work. Further, the administrative law judge, after considering the testimony of a vocational expert, determined that as of July 13, 2010 Shrader is unable to perform a significant number of jobs that are available in the national economy.

Thus, it was the conclusion of the administrative law judge that Shrader suffers from a compensable disability, as defined by the Social Security Act, with an onset date of July 13, 2010. This decision became the final decision of the Commissioner on May 17, 2011, when the Appeals Council denied Shrader's request for review. This lawsuit followed.

## II.

This Court has jurisdiction to review the Commissioner's final decisions to determine if (1) the findings are supported by substantial evidence, and (2) the correct legal standards were applied. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted), and is "more than a scintilla of evidence but less than a preponderance," *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence, even if substantial evidence could also support a different conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). This review is limited in scope to an examination of the record only. It is important to

note that the reviewing court "does not review the evidence *de novo*, make credibility determinations [or] weigh the evidence." *Brainard*, 889 F.2d at 681.

### III.

In his appeal to this Court, Shrader submits that the decision by the Commissioner should be overturned because (1) the second administrative law judge impermissibly deviated from the findings of the 2009 decision and failed to follow the instructions of the Appeals Council on remand, and (2) the Commissioner's chosen onset date of July 13, 2010 is neither supported by substantial evidence nor adequately explained by the administrative law judge. The Court will address each of these arguments in turn.

First, with respect to the obligations of the administrative law judge on remand from the Appeals Council, neither party objected to the report of Magistrate Judge Hluchaniuk on this issue. Therefore, the Court will adopt the report, and the reasoning of Magistrate Judge Hluchaniuk, insofar as it determines that this Court is precluded from reviewing Shrader's argument that the administrative law judge failed to follow the remand order.

Second, Shrader contests the validity of the July 13, 2010 onset date and the adequacy of the opinion from the administrative law judge. Shrader, in focusing on his emotional impairments, contends that the administrative law judge failed to address the relevant records that were consistent with his claims, including the conclusions of his treating physician, (Dr. Sawalha), and failed to adequately explain why Shrader's impairments did not reach a level of disability before July 13, 2010.

The Commissioner disputes Shrader's criticism of the administrative law judge's decision. He submits that the use of the date of Dr. Sawalha's report as the date of onset was

correct, noting that the burden of proof rests with Shrader to prove his disability. For the reasons set forth below, the Court agrees with Shrader that the selection of the July 13, 2010 onset date was not supported by an adequate discussion of the relevant medical evidence.

Social Security regulations place the burden on a claimant to prove the existence of a qualifying disability. *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). After determining that a claimant is disabled, the administrative judge must determine an onset date. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). In determining the onset date, an administrative law judge must follow Social Security Ruling 83-20 but need not refer to it directly. *Id.* at 834. This Ruling requires the administrative law judge to determine the onset of nontraumatic disabilities by considering the claimant's allegations, work history, and "medical and other evidence concerning impairment severity," with medical evidence serving as the primary factor. SSR 83-20, 1983 WL 31249, at *2 (January 1, 1983). Notably, an impairment need not have reached "listing severity" in order to establish onset. *Id.*

An administrative law judge may not arbitrarily select an onset date. Any judgment as to how long an impairment has been disabling must have a legitimate medical basis. *Id.* at *3. If the onset date must be inferred, an administrative law judge should use the services of a medical advisor. *Id.* If there are indications that additional medical evidence exists related to the onset date, an inference must not be made until that evidence is obtained. *Id.* When a date is chosen, the administrative judge must provide a "convincing rationale" for the selection. *Id.*

In addition to following the mandates of Social Security Ruling 83-20, an administrative law judge must support any determination of an onset date by substantial evidence. *Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989); *see also McClanahan*, 474 F.3d at 840 (noting

that *Blankenship* required Secretary to establish date of onset of disability by substantial evidence when "a plethora of evidence" supported an earlier date). An administrative law judge need not disprove a possible earlier onset date, even if that earlier date is supported by substantial evidence, as long as the onset date determined by an administrative law judge is supported by substantial evidence. *See Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). Substantial evidence is determined after considering the record as a whole, including evidence that detracts from the administrative law judge's finding. *Garner v. Heckler,* 745 F.2d 383, 388 (6th Cir.1984). The substantial evidence standard does not permit a selective reading of the evidence. *Id.*

The Court agrees with Shrader that the administrative law judge does not adequately justify the choice of a July 13, 2010 onset date. The administrative law judge acknowledged that Shrader's physical and mental condition began to deteriorate at some point prior to April 2009. (Tr. 20). Given the context of slowly progressive impairments, the administrative law judge should have offered a "convincing rationale" based on medical evidence for the selection of the July 13, 2010 onset date. Instead, the administrative law judge justified the choice simply by asserting that on that date Shrader's allegations became credible. *Id*. The medical support consisted of references to Dr. Sawalha's report, which was authored on July 13, 2010. However, the administrative law judge failed to cite anything in Dr. Sawalha's report or notes to support the contention that the report date had any medical significance. In fact, given the severity of Shrader's condition on July 13th – the vocational expert noted that Shrader's panic attacks, crying spells, and pitting neuropathy each could have independently precluded him from working (Tr. 61-62) – one would reasonably consider the possibility that onset occurred at an

9

earlier time. *See* SSR 83-20, 1983 WL 31249, at *2 (January 1, 1983) (progressive impairment need not reach listing severity for onset to be established).

Take, for example, the panic attacks and self-imposed isolation offered by the administrative law judge as a justification for the onset date. (Tr. 20). Earlier reports suggest that attacks of similar severity had begun by May 2010, if not earlier. A June 28, 2010 report noted that "Client claims to be extremely paranoid and agoraphobic. [Shrader] states that he only leaves the house once a month to go to doctor's appointments." (Tr. 639). A May 27, 2010 report stated that "Client reported that Dr. Washington has requested that he inquire about receiving therapy services due to his anxiety. [Shrader] reports that he stays inside alot [sic] due being fearful of being [sic] around others." (Tr. 653). Neither of these reports were mentioned by the administrative law judge. Nor were any of Dr. Sawalha's treatment notes. (Tr. 719-740). Nor were the depression and bipolar disease that Dr. Sawalha considered in concluding that Shrader is incapable of even low stress jobs. (Tr. 716).

In fact, for the two-year period prior to Dr. Sawalha's report – from August 2008 to July 2010 – the only reference to Shrader's emotional state is to a December 2009 report from which the statement that Shrader "feel[s] stable" on his medication, (Tr. 19), was excerpted. This ambiguous statement – standing alone – does not constitute a convincing medical account of Shrader's deteriorating emotional condition for those two years. *Cf. Wild v. Astrue*, 581 F. Supp. 2d 1155, 1159 (N.D. Ala. 2008) ("Doing 'fairly well' on medications is not the equivalent of either an ability to work or functioning appropriately.").

Notwithstanding the Commissioner's arguments as to how the administrative law judge might have analyzed the record to come to his conclusion, the fact that substantial evidence

10

might exist in the record does not justify the administrative law judge's failure to adequately articulate his reasons. *See Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) ("[W]e cannot uphold a decision by an administrative agency . . . if, while there is enough evidence in the record to support the decision, the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result."). If relevant evidence is not mentioned, the Court cannot determine if it was discounted or merely overlooked. *See Morris v. Sec'y of Health & Human Servs.*, 845 F.2d 326 (6th Cir. 1988). Social Security Ruling 83-20 requires an onset date to be chosen based on a legitimate medical basis and supported by a convincing rationale. In this case, the failure to adequately articulate the medical reasons for a July 13, 2010 onset date suggests that the date was selected simply to match Dr. Sawalha's report date.

If on review the administrative law judge determines that the existing medical record contains the information necessary to articulate an accurate onset date, there is no obligation to supplement the record. *See Henderson ex rel. Henderson v. Apfel*, 179 F.3d 507, 513 (7th Cir. 1999). If, however, the record is ambiguous or inconclusive, the administrative law judge must obtain the necessary medical information – either by contacting Shrader's physicians or consulting a medical expert. *See Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998). The fact that Shrader is represented by counsel does not absolve this obligation. *See DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). The Court makes no determination as to whether these additional measures are necessary.

IV.

For the reasons that have been outlined above, the Court (1) denies the Commissioner's motion for summary judgment, (2) grants Shrader's motion for summary judgment in part and

(2) remands the case to the administrative law judge pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

IT IS SO ORDERED.

Date: November 1, 2012                                  s/Julian Abele Cook, Jr.
                                                        JULIAN ABELE COOK, JR.
                                                        U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 1, 2012.

                                                        s/ Kay Doaks
                                                        Case Manager